UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:21cv20630

**4FLAC LLC, a Florida limited liability company**

    Plaintiff

vs.

*Transcol, S.A.,* **a Panama entity, Centro De Soluciones Impositivas, Rubio, Alvarez, Solis, and Abrego, a law firm doing business in Panama, Carlos Eduardo Rubio, both in individual capacity and as President, Jorge Hernan Rubio, both in individual capacity and as Secretary, Arnoldo Cando H., both in individual capacity and as Director,**

    Defendants.

_____/

## COMPLAINT

COMES NOW THE PLAINTIFF, **4FLAC LLC, a Florida limited liability company** (the "Plaintiff"), and do hereby file this **Complaint**, and do hereby sue *Transcol, S.A.,* **a Panama entity, Centro De Soluciones Impositivas, Rubio, Alvarez, Solis, and Abrego, a law firm doing business in Panama, Carlos Eduardo Rubio, both in individual capacity and as President, Jorge Hernan Rubio C., both in individual capacity and as Secretary, and Arnoldo Cando H., both in individual capacity and as Director**, (each a "Defendant", collectively the "Defendants"), and allege as follows:

### NATURE OF THE ACTION

1. This is a civil action seeking damages and other relief pursuant to **Count I-** Declaratory Relief as to the ownership, value, dividends owed, and declaration of other rights,

with respect to those certain original Two-Hundred Thousand 200,000.00 shares issued in December, 1983, *via* certificate no. 2 (collectively the "Shares"), directed to the Defendant **Transcol, S.A., a Panama entity**; *and* **Count II-** Breach of Fiduciary Duty with Reservation of Right to Seek Punitive Damages against Defendants *Transcol, S.A.,* **a Panama entity, Centro De Soluciones Impositivas, Rubio, Alvarez, Solis, and Abrego, a law firm doing business in Panama, Carlos Eduardo Rubio, both in individual capacity and as President, Jorge Hernan Rubio C., both in individual capacity and as Secretary, and Arnoldo Cando H., both in individual capacity and as Director**.

## PARTIES

2. At all times relevant herein, the **original Shares** which are the subject hereof have been owned and held in Miami-Dade County, Florida, and the Plaintiff, **4FLAC LLC, a Florida limited liability company**, has its principal office located in Miami-Dade County.

3. At all times relevant herein, the **Defendant Transcol, S.A., a Panama entity, Centro De Soluciones Impositivas, and Rubio, Alvarez, Solis, and Abrego, a law firm doing business in Panama all** had the necessary minimum contacts with the State of Florida to submit themselves to the jurisdictionhereof, including but not limited to by the issuance of shares to owners in Florida.

4. At all times relevant herein, the **Defendant Carlos Eduardo Rubio, both in individual capacity and as President,** had the necessary minimum contacts with the State of Florida to submit themselves to the jurisdiction hereof, including but not limited to by the issuance of shares to owners in Florida.

5. At all times relevant herein, the **Defendant Jorge Hernan Rubio C., both in individual capacity and as Secretary,** had the necessary minimum contacts with the State of Florida to submit themselves to the jurisdiction hereof, including but not limited to by the issuance

of shares to owners in Florida.

6. At all times relevant herein, the **Defendant Arnoldo Cando H., both in individual capacity and as Director,** had the necessary minimum contacts with the State of Florida to submit themselves to the jurisdiction hereof, including but not limited to by the issuance of shares to owners in Florida.

### JURISDICTION, VENUE, AND CONDITIONS PRECEDENT PERFORMED

7. Venue is proper in Miami-Dade County, Florida, as the claims and related property which are the subject hereof, at all times material, is and was located in Miami-Dade County, Florida.

8. The claims for declaratory relief made herein satisfy all of the conditions and requirements necessary to maintain actions in Miami-Dade Circuit Court, pursuant to §26.012, Fla. Stat.

9. The Circuit Court also possesses jurisdiction over the real property claims raised herein pursuant to § 65.021, *Fla. Stat.*[1]

10. Accordingly, the Plaintiff has filed this action in this Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida.

11. All conditions precedent to the bringing of this action, and Plaintiffs right to the relief sought herein have occurred and have been performed.

### GENERAL ALLEGATIONS
### GERMANE TO THE ENTIRE COMPLAINT

12. The anonymous owner and holder of Shareholder Certificate No. 2 for Transcol, S.A., a Panama entity, *i.e.*, the Shares, has the original shareholder certificate in possession, and has requested from the Defendants, on two separate occasions, an appraisal of the value of the Shares, including but not limited to disclosing the current par value of the shares as reflected on

the books of Transcol, S.A., a Panama entity, together with requesting disbursement of all earned dividend distributions to date, and recapture of dividends previously issued.

13. The Defendants intentionally ignored these requests, such that a declaration of the Plaintiffs rights is now necessary, together with an award for damages for Defendants various breaches of their fiduciary duty in illegally refusing these lawful requests from valid shareholders.

14. Therefore, the Plaintiffs have satisfied the condition precedent of providing written notice to the Defendants. Subsequent to the Plaintiffs providing written notice, thePlaintiffs have incurred numerous other damages, including but not limited to the cost and expenses relating to the monthly rental rate they were entitled to, the type of property they were entitled to reside at, and the expenses of abruptly having to make inconsistent and alternative accommodations.

## COUNT I
### Declaratory Relief
**(as to all Defendants)**

The Plaintiffs reallege and aver paragraphs 1-14 above as if fully set forth herein.

15. Unless it is declared that the 4FLAC, LLC, as the owner and holder of Shareholder Certificate No. 2 for Transcol, S.A., a Panama entity, *i.e.*, the Shares, has the original shareholdercertificate in possession, and is entitled to all rights of ownership thereof, including but not limited to an appraisal of the value of the Shares, and disclosure of the current par value of the shares as reflected on the books of Transcol, S.A., a Panama entity, together with the earned dividend distributions to date, and recapture of dividends previously issued, the Plaintiffs willsuffer immediate and irreparable injury, loss, and/or damage.[2]

16. Accordingly, the declaration of the Plaintiffs rights is now necessary, together with an award for damages for Defendants various breaches of their fiduciary duty in illegally refusing these lawful requests from valid shareholders.

17. Plaintiffs have a contractual, statutory, and equitable right to the declarations sought

herein, regarding the Shares.

**WHEREFORE**, the Plaintiffs respectfully request that the Court enter a Declaratory Judgment against the Defendants, and to be recorded in the Public Records of Miami-Dade County, Florida, declaring that the original shareholder certificate in possession, is entitled to all rights of ownership thereof, including but not limited to an appraisal of the value of the Shares, and disclosure of the current par value of the shares as reflected on the books of Transcol, S.A., a Panama entity, together with the earned dividend distributions to date, and recapture of dividends previously issued, together with such other and further relief as this Court deems just and proper, including any reasonable attorney's fees and costs incurred by the Plaintiffs.

---

[1] *See* § 65.021, Fla. Stat. ("Chancery courts have jurisdiction of actions brought by any person or corporation, whether in actual possession or not, claiming legal or equitable title to land against any person or corporation not in actual possession, who has, appears to have or claims an adverse legal or equitable estate, interest, or claim therein to determine such estate, interest, or claim and quiet or remove clouds from the title to the land. It is no bar to relief thatthe title has not been litigated at law or that there is only one litigant to each side of the controversy or that the adverse claim, estate, or interest is void upon its face, or though not void on its face, requires extrinsic evidence to establish its validity.")

[2] *See Countrywide Home Loans, Inc. v. Burnette*, 177 So. 3d 1032, 1033 (Fla. 1st DCA 2015) ("Although the declaratory judgment statute is ... to be liberally construed ... one seeking a declaratory judgment must demonstrate 'a bona fide, actual, present and practical need for [the] declaration.' " *Dixie Ins. Co. v. Gaffney*, 582 So.2d 64, 65 (Fla. 1st DCA 1991) (*quoting May v. Holley*, 59 So.2d 636, 639 (Fla.1952)). … Absent a showing by Burnette that there was an actual, present need to determine whether the statute of limitations bars enforcement of the promissory note").

## COUNT II
### Breach of Fiduciary Duty
**(as to all the Defendants identified in Paragraph 1 of this Complaint)**

The Plaintiffs reallege and aver paragraphs 1-14 above as if fully set forth herein.

18. The Defendants are officers and directors of Transcol, S.A., and, therefore a fiduciary duty to all shareholders of the entity, including a duty to the Plaintiffs.

19. The Defendants have breached this fiduciary duty to the Plaintiffs.

20. The Plaintiffs have suffered damages for this breach.

**WHEREFORE**, the Plaintiffs respectfully request that the Court enter judgment for damages against the Defendants Defendants Carlos Eduardo Rubio, both in individual capacity and as President, Jorge Hernan Rubio C., both in individual capacity and as Secretary, and Arnoldo Cando H., both in individual capacity and as Director, including pre-judgment and post-judgment interest, reasonable attorneys' fees and costs, pursuant to and in accordance with §§ 83.55, 83.54, and 83.51 Fla. Stat., together with such other and further relief as this Court deems just and proper.

## COUNT III
### Accounting
**(as to all Defendants)**

The Plaintiffs reallege and aver paragraphs 1-14 above as if fully set forth herein.

21. The Defendants are officers and directors of Transcol, S.A., and, therefore a fiduciary duty to all shareholders of the entity, including a duty to the Plaintiffs.

22. As such the Defendants owe a duty to the Plaintiffs for an Accounting as it relates to both the assets and balance sheet of Transcol, S.A., and the value/dividends issued/owed for the Shares.

**WHEREFORE**, the Plaintiffs respectfully request that the Court enter judgment commanding an accounting be undertaken by all Defendants, *i.e.*, Transcol, S.A., a Panama entity, Centro De Soluciones Impositivas, Rubio, Alvarez, Solis, and Abrego, a law firm doing business in Panama, Carlos Eduardo Rubio, both in individual capacity and as President, Jorge Hernan Rubio C., both in individual capacity and as Secretary, and Arnoldo Cando H., both in individual capacity and as Director, including pre-judgment and post-judgment interest, reasonable attorneys' fees andcosts, together with such other and further relief as this Court deems just and proper.

## SERVICE AND JURISDICTION:

23.     The Defendant Transcol, S.A., is a multi-national entity in the Freight Forwarding Services Industry, incorporated in and with corporate offices headquartered in Panama City, Panama, with locations in Guayas, Ecuador, and other locations. In seeking to redeem original share certificates of the Defendant, which the Plaintiff is the holder of, the undersigned has been communicating with corporate counsel to the Defendant in Panama, with respect to perfecting international service of process by agreement, or, in the alternative, perfecting service *via* Federal Rule of Civil Procedure 4(f)(3). *See TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 691-92 (S.D. Fla. 2012) ("TracFone moves to attempt service via FedEx directly on both Defendants sent by TracFone pursuant to Federal Rule of Civil Procedure 4(f)(3), and service via email to Truc sent by TracFone pursuant to Rule 4(f)(3). Rule 4(f)(3) provides that service may be made "by other means not prohibited by international agreement, as the court orders." *Fed.R.Civ.P.* 4(f)(3). Counsel confirmed receipt of both the Federal Express Package, and, of the E-mail, and advised the materials and request were being reviewed.

24.     More specifically, on October 22, 2020, the undersigned sent for international delivery, by both Federal Express, and e-mail, to counsel to the Defendant, Mr. Jorge Hernan Rubio, of the Rubio, Alvarez, Solis, and Abrego law firm, located in Panama City, Panama, copies of the

filings together with a request to either accept service of process, or, to fulfill the requirements of Federal Rule of Civil Procedure 4(f)(3).

25. Additionally, and to follow-up, again on November 24, 2020, the undersigned sent for international delivery, by both Federal Express, and e-mail, to co-counsel to the Defendant, Mr. Carlos Eduardo Rubio, of the Rubio, Alvarez, Solis, and Abrego law firm, located in Panama City, Panama, copies of the filings together with a request to either accept service of process, or, to fulfill the requirements of Rule 4(f)(3). Counsel confirmed receipt of both the Federal Express Package, and, of the E-mail, and advised the materials and request were being reviewed.

26. **With the Court's prior ruling**, and with these Federal Express and e-mail deliveries, the Plaintiff does now affirmatively seek defaults ***not just against Transcol, but also against all of the companies and or individual parties that have been served via Federal Express as stated herein***, upon the Defendant pursuant to Federal Rule of Civil Procedure 4(f)(3). *See TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 691-92 (S.D. Fla. 2012) ("Despite coming last in the list of available methods of service in Rule 4(f), there is no indication from the plain language of the Rule that the three subsections, separated by the disjunctive "or," are meant to be read as a hierarchy. *See e.g.Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05–CIV–21962, 2007 WL 1577771, at *2 (S.D.Fla. May 31, 2007) ("Rule 4(f) gives litigants choices for acceptable methods of service.... The invocation of Rule 4(f)(3), therefore, is neither a last resort nor extraordinary relief."); see also Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1015 (9th Cir.2002) ("Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections ... and certainly ... includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means.")."); *Lewis v. Mercedes-Benz USA, LLC*, 19-CIV-81220-RAR, 2019 WL 10058712, at *2 (S.D. Fla. Nov. 19, 2019) ("The Court grants Plaintiffs' request to serve Grammer via e-mail *and* via posting on a designated website. The Court finds that service via both methods

[including by e-mail] is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Brookshire Bros., Ltd.*, 2007 WL 1577771, at * 1-2. Moreover, service via e-mail or posting on a designated website is not prohibited under the Hague Convention or other international agreements."); *Chanel, Inc. v. Individual, P'ship , or Unincorporated Ass'n*, 17-62441-CIV, 2017 WL 8794733, at *5 (S.D. Fla. Dec. 13, 2017) ("In cases that are factually similar to this one, a number of Courts have held that alternate forms of service pursuant to Rule 4(f)(3), such as e-mail service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." *See TracFone Wireless, Inc.*, 278 F.R.D. at 693 (finding that service of process by e-mail was reasonably calculated to apprise defendant of the action and give it an opportunity to respond); Popular Enters., LLC, 225 F.R.D. at 563 (same); *Chanel, Inc. v. Zhixian*, Case No. 10-cv-60585-JIC, 2010 WL 1740695 (S.D. Fla. April 29, 2010) (e-mail service "reasonably calculated to notify Defendants of the pendency of this action and provide him with an opportunity to present objections.")")

Date: February 16, 2021

Respectfully submitted,
Marrero, Chamizo, Marcer Law LP
*Counsel for the Plaintiff*
3850 Bird Road, Penthouse One
Miami, Florida  33146
Telephone (305) 446-0163
Facsimile (305) 444-5538

By:  /s/ Julio C. Marrero, Esq.
    Julio C. Marrero, Esq.
    Florida Bar No. 784664
    julio@marrerorealestatelaw.com