**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-20630-BLOOM/Otazo-Reyes**

4FLAC LLC, a Florida limited liability company,

    Plaintiff,

v.

*TRANSCOL, S.A.*, a Panama entity;
CENTRO DE SOLUCIONES IMPOSITIVAS;
RUBIO, ALVAREZ, SOLIS, AND ABREGO,
a law firm doing business in Panama;
CARLOS EDUARDO RUBIO,
both in individual capacity and as President;
JORGE HERNAN RUBIO, both in individual
capacity and as Secretary; and
ARNOLDO H. CANDO, both in individual
capacity and as Director,

    Defendants.
_____/

**<u>ORDER</u>**

    **THIS CAUSE** is before the Court upon a *sua sponte* review of Plaintiff 4FLAC LLC's ("Plaintiff") Complaint, ECF No. [1]. The Court has carefully reviewed the Complaint, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the above-styled case is dismissed without prejudice.

    Plaintiff initiated this action for declaratory relief and damages on February 16, 2021. ECF No. [1]. That same day, the Clerk of Court issued two Notices alerting Plaintiff that it had failed to pay the required filing fee or to file its Civil Cover Sheet. *See* ECF Nos. [3] & [4] ("Notices"). These Notices also instructed Plaintiff to file the completed Civil Cover Sheet, electronically pay the $402.00 filing fee, and file a Notice of Compliance of Filing Fee within 24 hours. *Id.* On

February 18, 2021, a day after the deadline set by the Clerk of Court, Plaintiff filed two notices of compliance. *See* ECF Nos. [5] & [6].

Even a cursory review of the Complaint here reveals a number of fatal defects. At the outset, the Court notes that although the Complaint's case caption reflects the proper court, the allegations in the Complaint assert that this action was filed in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *See* ECF No. [1] ¶¶ 8-10 ("The claims for declaratory relief made herein satisfy all of the conditions and requirements necessary to maintain actions in Miami-Dade Circuit Court, pursuant to § 26.012, Fla. Stat. [] The Circuit Court also possesses jurisdiction over the real property claims raised herein pursuant to § 65.021, Fla. Stat. [] Accordingly, the Plaintiff has filed this action in this Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida." (footnote omitted)). Further adding to the confusion is that the body Complaint exclusively[1] contains citations to Florida Statutes and Florida state court case law. *See id.* ¶¶ 8, 9; *id.* at 5 & nn.1-2, 6. Additionally and most importantly, the Complaint fails to set forth any relevant allegations regarding this Court's federal jurisdiction.

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). Further, "once a federal

---

[1] At the conclusion of all of the counts asserted and the prayers for relief, Plaintiff's Complaint sets forth a section titled "Service and Jurisdiction," which appears to seek entries of default against each of the Defendants in this case. *See* ECF No. [1] ¶¶ 23-26. Within this section are the only citations to federal law. Nonetheless, Plaintiff's apparent attempt to seek default in this manner is entirely improper in that it is wholly unsupported by any relevant documentation and contrary to the requirements of the Federal Rules of Civil Procedure.

court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410. To establish original jurisdiction, a plaintiff must demonstrate the existence of either federal question jurisdiction or diversity jurisdiction. Federal question jurisdiction arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction, on the other hand, exists where the parties are citizens of different states and the amount in controversy exceeds $75,000.00. *Id.* § 1332(a).

The Complaint in this case fails to assert any basis for this Court's jurisdiction, and the Court will not speculate as to its jurisdiction. However, it is worth noting that if Plaintiff brings this action pursuant to federal question jurisdiction, it must indicate the specific federal or constitutional basis for the suit. Likewise, to the extent that Plaintiff seeks to invoke diversity jurisdiction, it must allege the amount in controversy, and it must properly set forth the diversity of the parties involved, as explained at length below.

District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all defendants.'" *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (quoting *Univ. of S. Ala.*, 168 F.3d at 412)). The allegations necessary for establishing citizenship vary across different corporate forms. *See id.* "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).[2]

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

Moreover, "[t]here are limits on this Court's ability to hear suits involving foreign entities while sitting in diversity." *Atlanta Equestrian Ctr. v. VDL Stud*, No. 12-80423-CIV, 2012 WL 12883121, at *1 (S.D. Fla. May 15, 2012) (citing 28 U.S.C. § 1332). For example, "[a]lienage jurisdiction is a form of diversity jurisdiction under which federal courts may hear cases between 'citizens of a State and citizens or subjects of a foreign state.'" *Molinos Valle del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011) (quoting 28 U.S.C. § 1332(a)(2)). "Like the complete diversity rule in cases between citizens of different states, alienage jurisdiction prohibits an alien from suing another alien in federal court unless the suit includes United States citizens as plaintiffs and defendants." *Id.* (citation omitted); *see also Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 860 (11th Cir. 2000) ("It is a standard rule that federal courts do not have diversity jurisdiction over cases where there are foreign entities on both sides of the action, without the presence of citizens of a state on both sides.").

In order to establish diversity of citizenship, "a foreign corporation is considered a citizen of a foreign state, unless its principal place of business is in one of the United States." *Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 850 F. Supp. 2d 1336, 1352 (N.D. Ga. 2012) (citing *Bel-Bel Int'l Corp. v. Cmty. Bank of Homestead*, 162 F.3d 1101, 1106-07 (11th Cir. 1998)). Similarly, "a natural person with foreign citizenship is generally considered a citizen of a foreign state, even if that person is residing in the United States." *Id.* (citing *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1298 (5th Cir. 1985)). "The only exceptions to this rule are where the person is also a citizen of the United States, or where the person has been admitted to the United States for permanent residence[.]" *Id.* (citing *Las Vistas Villas, S.A. v. Petersen*, 778 F. Supp. 1202, 1204 (M.D. Fla. 1991), *aff'd*, 13 F.3d 409 (11th Cir. 1994); 28 U.S.C. § 1332(a)).

In addition, "for the purposes of establishing diversity jurisdiction, an unincorporated business association or entity, such as a general or limited partnership or a limited liability company, is not a 'citizen' under 28 U.S.C. § 1332(a) in its own right." *First Home Bank*, 2020 WL 802518, at *2 (citing *Xaros v. U.S. Fid. & Guar. Co.*, 820 F.2d 1176, 1181 (11th Cir. 1987)). Rather, the longstanding rule is that "the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). With regard to the existence of diversity jurisdiction, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Id.* (citing *Carden*, 494 U.S. at 195-96). "Therefore, in order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity." *First Home Bank*, 2020 WL 802518, at *2 (citing *Rolling Greens MHP, L.P.*, 374 F.3d at 1022).

Here, Plaintiff asserts no basis for this Court's exercise of jurisdiction in the Complaint, nor can the Court discern one. Further, the allegations describing the parties also fail to sufficiently allege any basis for diversity jurisdiction. *See* ECF No. [1] ¶¶ 2-6. In light of the deficiencies in Plaintiff's Complaint, "the Court lacks sufficient information to satisfy the jurisdictional inquiry." *First Home Bank*, 2020 WL 802518, at *2.

Accordingly, it is **ORDERED AND ADJUDGED** that the above-styled case is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is permitted to file an amended complaint that properly alleges the basis for invoking this Court's jurisdiction **on or before February 26, 2021.**

Case No. 21-cv-20630-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 19, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record